# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY JEROME JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-11-227-JHP-KEW |
| | ) |
| ANITA TRAMMELL, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter comes before the Court on the respondent's Motion to Dismiss petitioner's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Petitioner has not responded to the motion.

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections, is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma. Petitioner is not attacking his convictions out of Tulsa County; rather he is challenging the administration of his sentence alleging that the sentences have not been properly sequenced. Petitioner claims he was sentenced on November 15, 2004, in Case No. CF-2002-2535, to 15 years on Count 9 and 4 years on Count 4. Petitioner states Count 4 was ordered to run consecutive to Count 9 and concurrent with a federal sentence which he was serving at the time of his 2004 sentencing in Tulsa County. Petitioner also asks this Court to vacate and set aside Count 4 in Case No. CF-2002-2535.

The respondent alleges petitioner's claim regarding award of credits was addressed in the Western District of Oklahoma, Case No. CIV-2009-1158-R and therefore, the issue is res judicata. Furthermore, respondent asserts that petitioner's claim as to the sequencing of the two sentences is time barred as petitioner was given notice in 2008 and never raised the issue. Respondent also argues that the petitioner has not exhausted the administrative remedy as to his sequencing claim. Finally, respondent states petitioner has failed to state a claim.

A review of the pleadings herein establishes that Petitioner previously raised the same issues regarding the award of credits in *Johnson v. State*, Case No. CIV-09-1158-R, Western District of Oklahoma. As the Magistrate Judge advised Petitioner therein, "Matters relating to sentencing and service of a sentence generally do not raise issues of federal constitutional concern unless the sentence imposed is wholly unauthorized or exceeds the statutory limits." (citations omitted). Dkt. # 11-8, at p. 8. Furthermore, the District Judge in adopting the Report and Recommendation of the Magistrate Judge again advised the Petitioner that "the issue of credit for time served is purely an issue of state law, not constitutional law." *Id*., at pp. 2-3. The Tenth Circuit denied a certificate of appealability and dismissed the appeal. Dkt. # 11-9.

Furthermore, Petitioner's claim regarding the sequencing of his sentences, even if true, would not affect the duration of his incarceration. Petitioner received a 15 year sentence and a 4 year sentence. Regardless of the order of service of these sentences, the total of the sentences is still 19 years.

Finally, this Court finds this habeas action is also time-barred as a matter of law. Pursuant to 28 U.S.C. § 2244(d)(1)(D), the limitations period in this case began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Based upon the undisputed evidence in this case, Petitioner, with due diligence, should have been able to discover by November 12, 2008, the order that the authorities were administering his two sentences. *See*, Dkt. # 11-4. Although Petitioner stated in his petition that he "was recently made aware" of the sequencing of his sentences, (Dkt. # 1, at p. 6) Petitioner does not dispute the Respondent's Motion that establishes that Petitioner was received in 2008 and would have been aware of the November 12, 2008 memorandum. Because Petitioner should reasonably have been aware of the factual predicate of his claim on November 12, 2008, the limitations period then began to run. Thus, the one year limitations period expired on November 13, 2009. Petitioner did not file the instant petition until June 15, 2011, more than one year and seven months thereafter. Accordingly, this Court finds the Respondent's Motion to dismiss should be and is hereby granted.

**ACCORDINGLY,** the Petition for Writ of Habeas Corpus (Dkt. # 1) is hereby **DENIED**, and this action is, in all respects dismissed. Furthermore, pursuant to 28 U.S.C. § 2253(c)(1)(A), this Court hereby denies a certificate of appealability. The Clerk is hereby directed to enter a separate judgment in this matter.

It is so ordered on this 21st day of October 2011.

James H. Payne
United States District Judge
Eastern District of Oklahoma